John C. Middleton, Kenton Circuit Clerk
230 Madison Avenue
Covington, KY 41011

USPS CERTIFIED MAIL

9236 0901 9403 8338 0719 30

Case Number: 26-CI-01918

Restricted Delivery

CORTNEI D. FLUCAS
25 EAST SEVENTH STREET
COVINGTON, KY 41011
Case Number: 26-CI-01918

Package : 000001 of 000018

Presiding Judge: HON. PATRICIA M. SUMME (616123)

## KCOJ eFiling Cover Sheet

Case Number: 26-CI-01918
Envelope Number: 14507712
Package Retrieval Number: 1450771294347583@90006050220
Service by: Certified Mail
Service Fee: $ 0.00
Postage Fee: $ 35.58

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

ackage : 000001 of 000018



Generated: 8/10/2026 2:45:43 PM

This page was intentionally left blank

Package : 000002 of 000018

Presiding Judge: HON. PATRICIA M. SUMME (616123)

Package : 000002 of 000018

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **26-CI-01918**
Court: **CIRCUIT**
County: **KENTON**

# CIVIL SUMMONS

*Plaintiff,* **DOE, JANE VS. COVINGTON INDEPENDENT SCHOOL DISTRICT ET AL,** *Defendant*

TO: **CORTNEI D. FLUCAS**
**25 EAST SEVENTH STREET**
**COVINGTON, KY 41011**

Memo: Related party is COVINGTON INDEPENDENT SCHOOL DISTRICT

The Commonwealth of Kentucky to Defendant:
**COVINGTON INDEPENDENT SCHOOL DISTRICT**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

John C. Middleton
Kenton Circuit Clerk
Date: **8/10/2026**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ____________________

☐ Not Served because: ____________________

Date: ______________, 20_____

____________________
Served By

____________________
Title

Summons ID: 1450771294347583@90006050220
CIRCUIT: 26-CI-01918 Certified Mail
DOE, JANE VS. COVINGTON INDEPENDENT SCHOOL DISTRICT ET AL



eFiled

Package : 000003 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000002 of 000018

This page was intentionally left blank





Package : 000004 of 000018

**COMMONWEALTH OF KENTUCKY**
**KENTON CIRCUIT COURT**
**DIVISION ____**
**CIVIL ACTION NO. 26-CI-__________**

**JANE DOE** **PLAINTIFF**

**v.**

**THE BOARD OF EDUCATION OF THE COVINGTON INDEPENDENT SCHOOL DISTRICT d/b/a HOLMES HIGH SCHOOL** **DEFENDANTS**
25 East Seventh Street
Covington, Kentucky 41011

*Serve: Cortnei D. Flucas, Superintendent*
*Covington Independent School District*
*25 East Seventh Street*
*Covington, Kentucky 41011*

-and-

**MASON GOINS, individually, and in his official capacity as a teacher employed by the Board of Education of the Covington Independent School District**

*Serve: Mason Goins*
*Fulton County Detention Center*
*2010 South Seventh Street*
*Hickman, KY 42050*

-and-

**JOHN/JANE DOES 1-10, unknown administrators, employees, and/or agents of the Board of Education of the Covington Independent Public Schools in their individual and official capacities**

---

**COMPLAINT WITH JURY DEMAND**

---

Comes now the Plaintiff, Jane Doe, ("Plaintiff"), by counsel, and for her Complaint against Defendants Board of Education of the Covington Independent School District d/b/a Holmes High



Package : 000005 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000005 of 000018

School (the "District"), Mason Goins ("Goins"), and John/Jane Does 1-10 (collectively, "Defendants"), states as follows:

## I. INTRODUCTION

1. This is a civil action for damages arising from the sexual abuse of Plaintiff, who was enrolled as a student at Holmes High School, by her teacher, Defendant Mason Goins and from the district's and its administrators', employees', and agents' negligent failure to supervise, investigate, and report conduct that they knew, or in the exercise of reasonable care should have known, was occurring on school property and during school hours.

2. Plaintiff brings this action to recover damages for the physical, psychological, and emotional injuries she has suffered, and will continue to suffer, as a direct and proximate result of Defendants' conduct described herein.

3. This Complaint refers to Plaintiff as "Jane Doe", a pseudonym used to protect the identity of a victim of sexual abuse, consistent with Kentucky law and practice protecting the privacy of victims of sexual offenses. Plaintiff's true identity will be disclosed to the Court and to Defendants through an appropriate motion for protective order and/or under separate seal contemporaneously with or prior to service of this Complaint.

## II. PARTIES

4. At all times relevant to this Complaint, Plaintiff Jane Doe was a minor child, seventeen (17) years old, residing in Kenton County, Kentucky, and was enrolled as a student at Holmes High School.

5. Plaintiff at all times relevant herein was a resident of Kenton County, Kentucky.

6. Defendant Board of Education of the Covington Independent School District is a local board of education and political subdivision of the Commonwealth of Kentucky, organized



Package : 000006 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000006 of 000018

and existing under the laws of the Commonwealth of Kentucky, including KRS Chapter 160, with its principal office located in Kenton County, Kentucky. The District owns, operates, manages, and/or controls Holmes High School, located at 2500 Madison Avenue, Covington, KY 41014.

7. Defendant Mason Goins is, upon information and belief, a resident of Hamilton County, Ohio but is currently an inmate in Fulton County, Kentucky, and at all times relevant hereto was employed by the District as a teacher assigned to Holmes High School, and was acting, at least in part, within the course and scope of that employment, and/or under color of the authority vested in him by virtue of that employment, with respect to the access to and control over Plaintiff described herein.

8. Defendants John/Jane Does 1-10 are administrators, faculty members, staff, and/or other agents or employees of the District whose identities are not presently known to Plaintiff, but who, upon information and belief, knew or, in the exercise of reasonable care, should have known of the ongoing abuse alleged herein, and who failed to act to protect Plaintiff, investigate, or report the same. Plaintiff will amend this Complaint to identify these Defendants by name as their identities become known through discovery.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to Section 112 of the Kentucky Constitution and KRS 23A.010, as the amount in controversy exceeds the minimum jurisdictional limits of this Court.

10. Venue is proper in Kenton County, Kentucky, pursuant to KRS 452.450 and/or KRS 452.460, because the events and omissions giving rise to this action occurred in Kenton County, Kentucky, and Defendants reside, are organized, or maintain their principal operations in Kenton County, Kentucky.



Package : 000007 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000007 of 000018

11. To the extent this Complaint asserts claims arising under federal law, including 42 U.S.C. § 1983 and/or Title IX, 20 U.S.C. § 1681 et seq., this Court has concurrent jurisdiction over such claims, or, in the alternative, such claims may be the subject of removal to the United States District Court for the Eastern District of Kentucky.

## IV. GENERAL FACTUAL ALLEGATIONS

12. At all times relevant hereto, Plaintiff was a minor student enrolled at Holmes High School, a public school owned and operated by the District.

13. At all times relevant hereto, Defendant Mason Goins was a teacher at Holmes High School and, in that capacity, was in a position of trust, authority, and control over Plaintiff and other students.

14. Beginning on or about July 2024, and continuing through on or about March 12, 2025, Defendant Mason Goins engaged in an inappropriate and sexually abusive relationship with Plaintiff, including sexual contact, and sexual acts, which occurred, in whole or in part, on the premises of Holmes High School, including in Mason Goins's classroom, during school hours and/or during school-sponsored activities.

15. During the period described above, Plaintiff was permitted to, and did, spend extended periods of time alone with Defendant Mason Goins in his classroom outside of regular class periods, including before school, after school, during lunch periods, and/or during other class periods, without legitimate educational purpose and without adequate supervision.

16. Upon information and belief, the frequency, duration, and circumstances of Plaintiff's presence in Mason Goins's classroom during these periods were observed, or were capable of being observed through the exercise of reasonable supervision, by other Holmes High

Package : 000006 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000008 of 000018

School administrators, faculty, and staff, including but not limited to Defendants John/Jane Does 1-10.

17. Upon information and belief, prior to and/or during the time period described herein, one or more administrators, faculty members, or staff of Holmes High School and/or the District received information, complaints, or observations — including but not limited to reports from students, staff, or others, and/or their own direct observations — that raised concerns regarding the nature of the relationship between Defendant Mason Goins and Plaintiff, and/or regarding Mason Goins's conduct with students generally. This includes but is not limited to, Plaintiff skipping other classes and spending excessive time in Defendant Goins' classroom.

18. Despite the District's and its employees' actual or constructive knowledge of the circumstances described above, Defendants failed to investigate, intervene, supervise, restrict Plaintiff's and Mason Goins's access to one another, report the suspected abuse to the appropriate authorities as required by Kentucky law, including KRS 620.030, or otherwise take any action to protect Plaintiff from continued abuse.

19. As a direct and proximate result of Defendants' acts and omissions described herein, Plaintiff was subjected to ongoing sexual abuse by Defendant Mason Goins over an extended period of time.

20. The abuse described herein was discovered on or about March 12, 2025, when the Covington Police Department obtained Mason Goins's cell phone and located phone evidence of SnapChat conversations between Mason Goins and Plaintiff, nude photos of Plaintiff, and videos of Plaintiff engaging in a sexual act. According to the Criminal Complaint filed in the Kenton County District Court on March 19, 2025, the SnapChat evidence shows that Plaintiff and Goins had been communicating at least since July 2024.



Package : 000009 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000006 of 000018

21. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, severe physical, psychological, and emotional injuries, including but not limited to trauma, anxiety, depression, post-traumatic stress, and other injuries to be more specifically identified through discovery and expert evaluation, as well as resulting medical and counseling expenses.

**COUNT I – NEGLIGENCE / NEGLIGENT SUPERVISION**
**(Against the District and Does 1-10)**

22. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

23. The district and its administrators, faculty, and staff owed Plaintiff, as a minor student in their care, a duty to exercise reasonable care for her safety and welfare, including a duty to reasonably supervise students and staff, and to take reasonable steps to prevent foreseeable harm, including sexual abuse by school employees.

24. Defendants breached this duty by, among other things: (a) failing to adequately supervise Defendant Mason Goins and his interactions with students, including Plaintiff; (b) permitting Plaintiff to spend unsupervised time alone with Mason Goins in his classroom under circumstances that should have raised concern; (c) failing to implement, follow, or enforce policies regarding student-teacher contact and supervision; and (d) failing to act upon information, complaints, or observations that indicated Mason Goins's conduct with Plaintiff was inappropriate.

25. As a direct and proximate result of Defendants' negligent supervision, Plaintiff suffered the injuries and damages described herein.



Package : 000010 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000010 of 000018

Package : 000011 of 000018

Presiding Judge: HON. PATRICIA M. SUMME (616123)

**COUNT II – NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION OF EMPLOYEES (Against the District)**

26. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. The District owed a duty to Plaintiff and other students to exercise reasonable care in the hiring, training, supervision, and retention of its teachers and staff, including Defendant Mason Goins.

28. Upon information and belief, the District knew, or in the exercise of reasonable care should have known, of facts indicating that Mason Goins posed a risk of harm to students, including the conduct described above, and failed to take reasonable steps in response, including reassignment, increased supervision, investigation, or termination.

29. The District further failed to adequately train its administrators, faculty, and staff regarding the recognition and reporting of signs of suspected child abuse, including sexual abuse of students by school personnel, as required under Kentucky law and the District's own policies.

30. As a direct and proximate result of the District's negligent hiring, training, supervision, and retention, Plaintiff suffered the injuries and damages described herein.

**COUNT III – NEGLIGENT FAILURE TO REPORT SUSPECTED ABUSE (Against the District and Does 1-10)**

31. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

32. KRS 620.030 imposes a mandatory duty on any person, including school personnel, who knows or has reasonable cause to believe that a child is dependent, neglected, or abused, to immediately report or cause a report to be made to the Cabinet for Health and Family Services or to a local law enforcement agency.

ackage : 000011 of 000018

33. Upon information and belief, one or more administrators, faculty members, or staff of Holmes High School and/or the District knew, or had reasonable cause to believe, that Plaintiff was being abused by Defendant Mason Goins, and failed to report such suspected abuse as required by KRS 620.030.

34. This failure to report constitutes negligence per se and/or ordinary negligence under Kentucky law and was a direct and proximate cause of the continuation of the abuse and the resulting injuries and damage suffered by Plaintiff.

**COUNT IV – PREMISES LIABILITY (Against the District)**

35. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

36. At all times relevant hereto, the district owned, operated, maintained, and/or controlled the premises of Holmes High School, including the classroom in which much of the abuse described herein occurred.

37. As a possessor of the premises, the district owed Plaintiff, a minor invitee, a duty to exercise reasonable care to maintain the premises in a reasonably safe condition and to protect students from foreseeable harm occurring thereon, including harm caused by the conduct of its own employees.

38. The district breached this duty by permitting conditions to exist — including unsupervised access by Defendant Mason Goins to Plaintiff in his classroom — that created a foreseeable risk of harm to Plaintiff, and by failing to take reasonable steps to eliminate or warn of that risk.

39. As a direct and proximate result of the District's breach of its duties as a possessor of the premises, Plaintiff suffered the injuries and damages described herein.



Package : 000012 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000012 of 000018

**COUNT V – BATTERY (Against Defendant Mason Goins)**

40. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

41. The sexual contact between Defendant Mason Goins and Plaintiff described herein constituted harmful and offensive touching of Plaintiff's person, to which Plaintiff, as a minor, was legally incapable of giving valid consent.

42. Defendant Mason Goins's conduct was intentional, willful, wanton, and/or in reckless disregard for Plaintiff's rights and safety.

43. As a direct and proximate result of Defendant Mason Goins's conduct, Plaintiff suffered the injuries and damages described herein, and Plaintiff is entitled to recover compensatory and punitive damages from Defendant Mason Goins.

**COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS / OUTRAGE (Against Defendant Mason Goins)**

44. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

45. Defendant Mason Goins's conduct toward Plaintiff, a minor student under his care and authority, was extreme, outrageous, and beyond all possible bounds of decency, such that it is regarded as atrocious and utterly intolerable in a civilized community.

46. Defendant Mason Goins intended to cause Plaintiff severe emotional distress, or acted with reckless disregard of the high probability that his/her conduct would cause such distress.

47. As a direct and proximate result of Defendant Mason Goins's conduct, Plaintiff has suffered severe emotional distress of a nature that no reasonable person could be expected to endure.



Package : 000013 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000013 of 000018

**COUNT VII – VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681, et seq.**
**(Against the District)**

48. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

49. The District is a recipient of federal financial assistance and is subject to Title IX of the Education Amendments of 1972, which prohibits discrimination on the basis of sex, including sexual harassment and sexual abuse of students by school employees, in any education program or activity receiving federal funds.

50. Upon information and belief, an official of the District with authority to address the alleged discrimination and to institute corrective measures had actual knowledge of, and was deliberately indifferent to, the sexual abuse of Plaintiff by Defendant Mason Goins.

51. The District's deliberate indifference to known acts of sexual abuse and harassment of Plaintiff by its employee was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to the educational opportunities and benefits provided by the District.

52. As a direct and proximate result of the District's violation of Title IX, Plaintiff suffered the injuries and damages described herein, and is entitled to recover compensatory damages, attorneys' fees, and costs pursuant to 20 U.S.C. § 1681 et seq.

**COUNT VIII – VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**
**(Against Mason Goins and Does 1-10, in their Individual Capacities)**

53. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

54. At all times relevant hereto, Defendants Mason Goins and Does 1-10 were acting under color of state law, in their capacities as employees of a public school district.



Package : 000014 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000014 of 000018

55. Defendant Mason Goins's sexual abuse of Plaintiff, a minor student in his care, deprived Plaintiff of her clearly established constitutional right to bodily integrity under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

56. Upon information and belief, Defendants Does 1-10, with knowledge of the ongoing abuse or of facts indicating a substantial risk thereof, failed to act, and their inaction reflected a policy, custom, or practice of deliberate indifference to the safety of students, and/or created or increased the danger to Plaintiff, in violation of her constitutional rights.

57. As a direct and proximate result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages described herein, and is entitled to recover compensatory damages, punitive damages as to the individual Defendants, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT IX - DAMAGES

58. As a direct and proximate result of the acts and omissions of Defendants described herein, Plaintiff has suffered and will continue to suffer damages including, but not limited to: (a) past and future medical, psychological, and counseling expenses; (b) physical pain and suffering; (c) emotional distress, mental anguish, and psychological injury; (d) loss of enjoyment of life; (e) impairment of educational opportunities; and (f) such other damages as may be proven at trial.

WHEREFORE, Plaintiff Jane Doe, respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally where appropriate, and award the following relief:

(a) Compensatory damages in an amount to be determined at trial, sufficient to fully and fairly compensate Plaintiff for her injuries and damages;

(b) Punitive damages against Defendant Mason Goins and, to the extent permitted by law, against Defendants Does 1-10 in their individual capacities;



Package : 000015 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000015 of 000018

(c) Pre- and post-judgment interest as allowed by law;

(d) Attorneys' fees and costs, to the extent recoverable under 42 U.S.C. § 1988, 20 U.S.C. § 1681 et seq., and/or other applicable law;

(e) Trial by jury on all issues so triable, pursuant to CR 38.01 and Section 7 of the Kentucky Constitution; and,

(f) Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ISAACS & ISAACS, PSC**

***/s/ Robert A. Ott***
Robert A. Ott, Kentucky Bar No. 91927
1601 Business Center Court
Louisville, KY 40299
Telephone: (502) 458-1000
Fax: (502) 516-7401
robert.ott@wewin.com
*Counsel for Plaintiff Jane Doe*

Package : 000016 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000016 of 000018

**COMMONWEALTH OF KENTUCKY**
**KENTON CIRCUIT COURT**
**DIVISION ____**
**CIVIL ACTION NO. 26-CI-___________**

**JANE DOE** **PLAINTIFF**

**v.**

**THE BOARD OF EDUCATION OF THE COVINGTON INDEPENDENT SCHOOL DISTRICT d/b/a HOLMES HIGH SCHOOL** **DEFENDANTS**
25 East Seventh Street
Covington, Kentucky 41011

*Serve: Cortnei D. Flucas, Superintendent*
*Covington Independent School District*
*25 East Seventh Street*
*Covington, Kentucky 41011*

-and-

**MASON GOINS, individually, and in his official capacity as a teacher employed by the Board of Education of the Covington Independent School District**

*Serve: Mason Goins*
*Fulton County Detention Center*
*2010 South Seventh Street*
*Hickman, KY 42050*

-and-

**JOHN/JANE DOES 1-10, unknown administrators, employees, and/or agents of the Board of Education of the Covington Independent Public Schools in their individual and official capacities**

---

**NOTICE OF ELECTRONIC SERVICE PURSUANT TO CR 5.02(2)**

---

PLEASE TAKE NOTICE, pursuant to CR 5.02(2), that counsel for Plaintiff elects to effectuate and receive service via electronic means." The electronic notification addresses at which



Package : 000017 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000017 of 000018

the undersigned attorney agrees to accept service are listed below. Please include the following email addresses below to ensure receipt of service.

robert.ott@wewin.com – Plaintiff's Counsel
leslie.smith@wewin.com - Paralegal

Please provide, in accordance with said rule, the electronic notification address at which counsel may be served.

Respectfully submitted,

**ISAACS & ISAACS, PSC**

***/s/ Robert A. Ott***
Robert A. Ott, Kentucky Bar No. 91927
1601 Business Center Court
Louisville, KY 40299
Telephone: (502) 458-1000
Fax: (502) 516-7401
robert.ott@wewin.com
*Counsel for Plaintiff Jane Doe*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed along with a copy of the Complaint in the Kentucky Court electronic filing system this 10th day of August, 2026.

***/s/ Robert A. Ott***
Robert A. Ott



Package : 000018 of 000018
Presiding Judge: HON. PATRICIA M. SUMME (616123)
Package : 000018 of 000018