**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CIVIL ACTION NO. 2:26-CV-00367-DLB-CJS**

**JANE DOE** **PLAINTIFF**

**v.**

**THE BOARD OF EDUCATION OF THE COVINGTON INDEPENDENT SCHOOL DISTRICT, ET AL.** **DEFENDANT**

**ANSWER OF DEFENDANT THE BOARD OF EDUCATION OF THE COVINGTON INDEPENDENT SCHOOL DISTRICT**

Defendant, The Board of Education of the Covington Independent School District, by and through counsel, for its Answer to the Complaint, states as follows:

1. Defendant denies the averments contained in Paragraph 1 of the Complaint.

2. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 2 of the Complaint and therefore denies the same.

3. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 3 of the Complaint and therefore denies the same.

4. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 4 of the Complaint and therefore denies the same.

5. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 5 of the Complaint and therefore denies the same.

6. Defendant admits the averments contained in Paragraph 6 of the Complaint.

7. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 7 of the Complaint and therefore denies the same.

8. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 8 of the Complaint and therefore denies the same.

9. Defendant denies the averments contained in Paragraph 9 of the Complaint.

10. Defendant denies the averments contained in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 11 of the Complaint and therefore denies the same.

12. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 12 of the Complaint and therefore denies the same.

13. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 13 of the Complaint and therefore denies the same.

14. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 14 of the Complaint and therefore denies the same.

15. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 15 of the Complaint and therefore denies the same.

16. Defendant denies the averments contained in Paragraph 16 of the Complaint.

17. Defendant denies the averments contained in Paragraph 17 of the Complaint.

18. Defendant denies the averments contained in Paragraph 18 of the Complaint.

19. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 19 of the Complaint and therefore denies the same.

20. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 20 of the Complaint and therefore denies the same.

21. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 21 of the Complaint and therefore denies the same.

**COUNT I: NEGLIGENCE/NEGLIGENT SUPERVISION (Against the District and Does 1-10)**

22. Defendant reiterates its admissions and denials to the averments contained in Paragraphs 1 through 21 of this Complaint.

23. Paragraph 23 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 23 of the Complaint and therefore denies the same.

24. Paragraph 24 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 24 of the Complaint and therefore denies the same.

25. Paragraph 25 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 25 of the Complaint and therefore denies the same.

**COUNT II: NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION OF EMPLOYEES (Against the District)**

26. Defendant reiterates its admissions and denials to the averments contained in Paragraphs 1-25 of this Complaint.

27. Paragraph 27 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 27 of the Complaint and therefore denies the same.

28. Defendant denies the averments contained in Paragraph 28 of the Complaint.

29. Defendant denies the averments contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 30 of the Complaint and therefore denies the same.

**COUNT III: NEGLIGENT FAILURE TO SUPPORT SUSPECTED ABUSE**
**(Against the District and Does 1-10)**

31. Defendant reiterates its admissions and denials to the averments contained in Paragraphs 1-30 of the Complaint.

32. Paragraph 32 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 32 of the Complaint and therefore denies the same.

33. Defendant denies the averments contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 34 of the Complaint and therefore denies the same.

**COUNT IV: PREMISES LIABILITY**
**(Against the District)**

35. Defendant reiterates its admissions and denials to the averments contained in Paragraphs 1-34 of the Complaint.

36. Paragraph 36 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 36 of the Complaint and therefore denies the same.

37. Paragraph 37 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 37 of the Complaint and therefore denies the same.

38. Paragraph 38 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 38 of the Complaint and therefore denies the same.

39. Paragraph 39 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 39 of the Complaint and therefore denies the same.

**COUNT V: BATTERY**
**(Against Mason Goins)**

40. Defendant reiterates its admissions and denials to the averments contained in Paragraphs 1-39 of the Complaint. Defendant's responses denying the allegations related to Mason Goins should also not be interpreted as representing Defendant Goins.

41. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 41 of the Complaint and therefore denies the same.

42. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 42 of the Complaint and therefore denies the same. Defendant's responses denying the allegations related to Mason Goins should also not be interpreted as representing Defendant Goins.

43. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 43 of the Complaint and therefore denies the same.

**COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE (Against Mason Goins)**

44. Defendant reiterates its admissions and denials to the averments contained in Paragraphs 1-43 of the Complaint.

45. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 45 of the Complaint and therefore denies the same. Defendant's responses denying the allegations related to Mason Goins should also not be interpreted as representing Defendant Goins.

46. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 46 of the Complaint and therefore denies the same.

47. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 47 of the Complaint and therefore denies the same.

**COUNT VII: VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681, et seq. (Against the District)**

48. Defendant reiterates its admissions and denials to the averments contained in Paragraphs 1-47 of the Complaint.

49. Defendant admits the averments contained in Paragraph 49 of the Complaint.

50. Defendant denies the averments contained in Paragraph 50 of the Complaint.

51. Defendant denies the averments contained in Paragraph 51 of the Complaint.

52. Defendant denies the averments contained in Paragraph 52 of the Complaint.

**COUNT VIII: VIOLATION OF CIVIL RIGHTS, 42 U.S.C.§ 1983**
**(Against Mason Goins and Does 1-10, in their Individual Capacities)**

53. Defendant reiterates its admissions and denials to the averments contained in Paragraphs 1-52 of the Complaint.

54. Paragraph 54 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 54 of the Complaint and therefore denies the same. Defendant's responses denying the allegations related to Mason Goins and Does 1-10 should also not be interpreted as representing those Defendants.

55. Paragraph 55 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 55 of the Complaint and therefore denies the same.

56. Paragraph 56 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 56 of the Complaint and therefore denies the same.

57. Paragraph 57 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 57 of the Complaint and therefore denies the same.

**COUNT IX: DAMAGES**

58. Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 58 of the Complaint and therefore denies the same.

59. All averments not specifically admitted herein are denied.

**FIRST DEFENSE**

1. The Complaint fails to allege facts sufficient to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**

2. Defendant is entitled to immunity from suit, from any state law or federal law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in the Complaint.

**THIRD DEFENSE**

3. If Plaintiff was injured and/or damaged as alleged in the Complaint, her injuries and/or damages were caused solely by her own respective acts or omissions.

**FOURTH DEFENSE**

4. Alternatively, if Plaintiff was injured and/or damaged as alleged in the Complaint, her injuries and/or damages were caused by the acts or omissions of a third party for whom the Defendant has no responsibility or liability.

**FIFTH DEFENSE**

5. Alternatively, if Plaintiff was injured and/or damaged as alleged in the Complaint, her injuries and/or damages were caused by an intervening, superseding cause, outside the realm of knowledge, foreseeability, or control of the Defendant.

**SIXTH DEFENSE**

6. Defendant is entitled to sovereign and governmental immunity and/or is otherwise immune from suit, from any state law or federal law claims asserted therein, and from the liability sought to be imposed by Plaintiff in the Complaint.

**SEVENTH DEFENSE**

7. At all times referenced in the Complaint, the actions of the Defendant were, in all respects, reasonable, proper, justified, legal, and undertaken without any wrongful intent, impact, or effect.

**EIGHTH DEFENSE**

8. Defendant affirmatively asserts all available defenses to Plaintiff's state law claims available to them under Kentucky statutory law as well as Kentucky common law.

**NINTH DEFENSE**

9. Defendant affirmatively asserts all available defenses to Plaintiff's federal law claims available to it under the United States Constitution and federal common law.

**TENTH DEFENSE**

10. Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint.

**ELEVENTH DEFENSE**

11. Plaintiff is estopped and/or has waived her right to assert some or all of the claims set forth in the Complaint.

**TWELFTH DEFENSE**

12. Plaintiff has failed to mitigate her damages, if such exist.

**THIRTEENTH DEFENSE**

13. This Court lacks jurisdiction over some or all of the claims of the Complaint.

**FOURTEENTH DEFENSE**

14. Some or all of Plaintiff's claims must be dismissed due to Plaintiff's failure to name necessary and/or indispensable parties.

**FIFTEENTH DEFENSE**

15. Plaintiffs' claims and damages, if any, are speculative in nature and purely conjectural.

**SIXTEENTH DEFENSE**

16. To avoid waiver, Defendant reserves any and all additional affirmative defenses which may become apparent during the course of discovery in this matter.

***WHEREFORE,*** having fully answered, the Defendant, Board of Education of the Covington Independent School District, demands that the Complaint be dismissed with prejudice at the cost of the Plaintiff, for an award of attorney fees incurred in defending this action, for trial by jury, and for any and all other relief to which Defendant may appear to be entitled.

Respectfully submitted,

***/s/ Aaren E. Meehan***

Mary Ann Stewart, Esq. (#82754)
Aaren E. Meehan, Esq. (#96505)
Shelbi L. Shultz, Esq. (#100636)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
859.394.6200 | 859.392.7200 – Fax
ameehan@adamsattorneys.com
sshultz@adamsattorneys.com

*Attorneys for Defendant Covington Independent School District*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **10th** day of September, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

***/s/ Aaren E. Meehan***
Aaren E. Meehan, Esq. (#96505)